THE STATE, LEWIS J. WENDELL, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF NEWARK ET AL.

Argued November 1, 1898—Decided February 27, 1899.

1. The city clerk of Newark is under no duty to furnish gratuitously to private persons certified copies of municipal proceedings.
2. The demand by such clerk of a reasonable fee for certifying, for a purchaser of city bonds, the minutes of the city council relating to the bond-issue, promptly withdrawn upon an intimation that such certifying might fairly be considered city business, affords no evidence to sustain a charge of willful or corrupt misconduct in office.

---

On *certiorari*.

Before Justices LUDLOW and COLLINS.

For the prosecutor, *Chandler W. Riker.*

For the defendant, *Herbert Boggs.*

The opinion of the court was delivered by

COLLINS, J. The prosecutor is an honorably-discharged Union soldier, who served in the war of the rebellion, and as such, under the act of March 14th, 1895 (*Gen. Stat., p.* 3702), is protected against removal from his office of city clerk of Newark for political reasons or otherwise except for good cause shown, after a fair and impartial hearing. This was directly adjudged by this court at June Term, 1897.

On November 23d, 1897, a charge was preferred against the prosecutor, as such city clerk, to the common council of the city, the body under which, by the charter, he holds his office. The charge reads as follows: "Misconduct in office, in willfully and corruptly demanding and attempting to enforce payment of compensation for performing official duties as city clerk, in matters connected with the business of the city of Newark, and for which duty a fixed salary was paid by said city, refusing and neglecting to perform official duty of the city clerk until the compensation so demanded should be paid him, thereby jeopardizing the interests of the said city, causing delay in the transaction of its public business and exposing the city to financial loss and inconvenience." Accompanying the charge was a specification which it is unnecessary to recite, as the facts involved will hereinafter sufficiently appear. After hearing, the common council, on January 20th, 1898, adjudged that the prosecutor was guilty of the charge preferred, and on February 16th, 1898, declared his office vacant. The *certiorari* in this cause has removed their proceedings to this court for review.

Passing all incidental matters presented in the cause, I will proceed at once to the merits of the case as presented by the eleventh cause for reversal, written down by the prosecutor, viz.: "11. Because the evidence taken did not warrant the finding of guilty upon the charge or upon the specifications."

\* \* \* In reviewing the removal of a municipal officer, removal only for cause after hearing, this court, in a case of alleged misconduct, will not weigh the evidence, but it will look to see if the evidence affords a "rational basis for judgment" (*Devault* v. *Mayor of Camden,* 19 *Vroom* 433; *Cavanagh* v. *Police Commissioners,* 30 *Id.* 412) or presents a "legitimate inference" (*Ackerly* v. *Jersey City,* 25 *Id.* 310) against the accused. If such is not the case the officer is entitled to relief in this court. In this case the salient facts proved before the common council were that upon Tuesday, September 28th, 1897, the prosecutor received by mail the following letter:

"September 27, 1897.

"*L. J. Wendell, Esq., City Clerk, City Hall, Newark, N. J.:*

"DEAR SIR—Will you kindly certify the enclosed copy of minutes concerning the issue of $300,000 of bonds of your city for high school purposes. Please annex your seal and correct· any error which may have been copied by mistake in any way. Please send me at the same time certified copy of the minutes of the council showing to whom the $200,000 issue of bonds were awarded as the same appear on the minutes, having the same duly certified under your signature and seal of office. It is important that I have these papers as soon as possible, as the bonds may be expected to·be delivered on Friday next. I would like therefore to have this statement on *Wednesday the latest.*

"Very truly yours,
"THEODORE F. LOZIER."

"P. S.—I write this as attorney for the company who purchased the $200,000 of bonds.

"T. F. L."

The letter enclosed extracts from the minutes of two meetings of the common council reciting the passage of four resolutions set forth at length. The prosecutor compared these documents with the original minutes and found them to be

correct, and certified them under seal. The award of bonds, however, had not been made by the council and did not appear on its minutes. The prosecutor learned that such award had been made by the finance committee and procured from the clerk of that body a copy thereof as appearing on its minutes, placed all the papers in an envelope, which he addressed to Mr. Lozier, and, retaining that, sent the following letter by mail:

"NEWARK, N. J., Sept. 28, 1897.

"*Theo. F. Lozier, Esq., N. Y.:*

" DEAR SIR—On receipt of two dollars ($2.00) the certified copies from the minutes of council and finance committee will be forwarded.

"Yours truly,
"L. J. WENDELL,
"*City Clerk.*"

This letter affords the sole ground of the charge preferred. Next morning, after talking with the city comptroller, who thought delay might embarrass the city, the prosecutor mailed the papers. About half-past eleven A. M. Mr. Lozier came to Newark, because of the letter of the day before. He saw the prosecutor, who, he says, told him that, as the comptroller thought the giving of the certificates asked for was city business, he had already mailed them and had no charge to make. Upon Mr. Lozier's expressing a wish to get the papers as soon as possible, the prosecutor went with him to the post-office, where they were withdrawn from the mail and given to Lozier, who returned to New York, reaching that city at two P. M. of the same day, which was the Wednesday he had named in his letter as the day when he needed the certified copies.

The claim of the defendants is that as city clerk the prosecutor was bound to furnish the certificates required without compensation as part of his official duty. We are referred to nothing in support of this claim except a general ordinance of the city, revised in 1889, section 19 of which provides that

the city clerk " shall cause the city seal to be affixed to such instruments in writing as he may be authorized to do by any ordinance or resolution of the common council or as may be necessary to exemplify any document or record in his office or to certify any act or paper which, from the records in his office, shall appear to have been a public document." This ordinance does not require the clerk to give certificates, without compensation, on request of private persons.

Section 31 of the city charter empowers the council to " fix and determine a reasonable compensation to be paid to any officer of said city or other person employed by them, for any service required of him by this act, or by any ordinance or resolution passed by them for which no specific fee or compensation is provided by this act to be paid by the person or persons for whom such service shall be performed for the use of the city." This provision implies a duty to pay fees, and until the council acts it would seem that the officer performing the service can charge reasonable fees. The council has never acted directly in the premises; but for a long time the salary of the city clerk has been fixed at $1,300 a year, a sum less than that paid to some of his subordinates, and he has been allowed to charge and retain reasonable fees for such services. The uncontradicted testimony before the common council was that the prosecutor and his predecessors in office for many years had been accustomed to charge by the folio for copies of documents certified and fifty cents for each certificate under seal. The only question of propriety possible to raise in this case is whether the furnishing to successful bidders for city bonds the evidence of the title to be made to them might not fairly be considered as city business, but we think it cannot. Had the common council, or any authorized officer, directed the service it might have been otherwise. In fact the prosecutor, at the request of the city comptroller, had already furnished for the bidders a full set of these very resolutions certified under seal and the comptroller had forwarded them. Mr. Lozier had duly received them but desired to have the recitals of the minutes also certified and therefore

made his request, but without further explanation than his letter contains. We do not see why the prosecutor had not the right to make the reasonable charge he did when these new certificates were requested, especially as he was asked to copy and forward proceedings not in his custody. But even if we assume that he should have furnished the certificates as part of his official duty, there seems not the slightest ground to find him guilty of corruption, which is the essence of the charge. The moment it was suggested to him that the matter might be considered city business he forwarded the papers and withdrew all demand for fees.

The adjudication against the prosecutor and all proceedings based upon it are reversed and set aside, with costs.